UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-22919-CIV-COOKE

AIMAN ARYAN,

    Petitioner,

v.

ALBERTO GONZALES, *et al*.,

    Respondents.
_____/

## ORDER GRANTING RESPONDENTS' MOTION TO REMAND

**THIS CAUSE** is before the Court upon Respondents' Motion to Remand (DE 10), filed April 23, 2007. The Court having reviewed the Motion finds, for the reasons set forth below, that the Motion should be granted.

**I.   BACKGROUND**

On December 6, 2006, Aiman Aryan ("Petitioner" or "Aryan") filed a Petition for Hearing on Naturalization Application in which he requests that this Court adjudicate his Petition for Naturalization. Aryan's Petition for Hearing on Naturalization Application relied upon a sparse factual background. See Pet. Consequently, many background facts in this case, such as Petitioner's country of origin or the dates of Petitioner's entry into the United States, remain unclear. It appears that Aryan filed his Petition for Naturalization ("Petition") on March 2, 2005. Aryan then attended a naturalization examination on September 21, 2005. At the conclusion of the naturalization examination Aryan was advised that he had passed the requisite English, U.S. History, and Government tests. However, as of the date of this Order, Aryan's Petition for

Naturalization has yet to be resolved.

## II.   REMAND TO THE USCIS IS WARRANTED

In their Motion, Respondents requests that this matter be remanded to the United States Citizenship and Immigration Services ("USCIS") so that the USCIS may complete the required security background checks for Aryan's Application.  In opposition, Aryan argues that there has been an undue delay in the adjudication of his Application and that a remand would only further the delay.  Consequently, Aryan requests that the Court adjudicate the Application.

This Court's subject matter jurisdiction in this action derives from § 336(b) of the Immigration and Nationality Act ("INA").  See Hussein v. Gonzales, No. 306-497J-32MCR, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007).  Section 336(b) of the INA states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Thus, the INA empowers this Court to adjudicate Aryan's Application for Naturalization.  However, § 335 of the INA establishes that before a person may be naturalized the USCIS must conduct a background investigation of that person.  See 8 U.S.C. § 1446; 8 C.F.R. § 335.1.  Therefore, while § 336(b) of the INA empowers the Court to adjudicate an Application for Naturalization — where there is a failure to make a determination before the end of the 120-day period after the date on which the examination is conducted — it appears that the background investigation required under § 335 of the INA still must be completed before an applicant can be naturalized.  Notably, Aryan did not provide this Court with any authority to

support the proposition that the Court may grant a petition for naturalization without completion of the background checks required under § 335.  Furthermore, this Court's own independent research did not uncover any such authority.  As a result, if this Court chose to adjudicate Aryan's Application it would be required to complete a background security investigation.  The Court, however, lacks the resources necessary to properly conduct such a background security investigation.  Moreover, the USCIS is far better suited to interpret the results of a background security investigation.  <u>Manzoor v. Chertoff</u>, 472 F.Supp.2d 801, 808 (E.D. Va. 2007).  Consequently, the Court will not intrude into the provinces of the USCIS and the Federal Bureau of Investigations ("FBI").

The Court recognizes that administrative delays may frustrate Aryan.  But the Court must be mindful that the background investigations are necessary to protect national security.  Furthermore, the Court is unwilling to jump Aryan's Application to the front of the line as it may create perverse incentives for other naturalization applicants seeking to expedite their applications.  The Court, therefore, shall remand this matter to the USCIS for completion of the required background security checks and determination of Aryan's Application for Naturalization.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Remand to USCIS (DE 10) is **GRANTED**.
2. This matter is **REMANDED** to the USCIS for prompt adjudication of Aryan's Application for Naturalization.
3. If the USCIS has not rendered a decision on Aryan's Application by **June 30, 2008**, then Aryan shall file a notice with the Court setting forth the

status of the Application. Upon receipt of the notice, the Court will consider reopening this matter and adjudicating Aryan's Application in accordance with § 336(b) of the INA.

4. The Clerk is directed to administratively **CLOSE** this case. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of June, 2007.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*